**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PEIXUN LIU,

                Petitioner,

    v.

ERIC H. HOLDER, Jr., Attorney General,

                Respondent.

No. 12-73266

Agency No. A099-449-596

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

      Peixun Liu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and review de novo claims of due process violations in immigration proceedings, *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the discrepancies in the record regarding Liu's wife's IUD, and when Liu's second child was born.  *See Shrestha* 590 F.3d at 1048 (adverse credibility determination was reasonable under the totality of the circumstances).  We reject Liu's contention that the agency failed to perform a reasoned analysis of the evidence.  Liu's contentions that the inconsistencies were minor and did not go to the heart of his claim are unavailing.  *See id.* at 1046 (under the REAL ID Act, inconsistencies no longer need to go to the heart of petitioner's claim).  Further, Liu's explanations for the discrepancies do not compel the contrary result.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  In the absence of credible testimony, Liu's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

12-73266

Liu does not challenge the BIA's finding that he did not appeal the denial of his CAT claim.

We reject Liu's contention that was denied a full and fair hearing or was prevented from reasonably presenting his case. *See Zetino*, 622 F.3d at 1014-15; *Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim). We lack jurisdiction to consider any alleged due process violations that Liu did not raise to the BIA. *See Barron*, 358 F.3d at 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**